HAGEN, Administrator, Appellant, vs. BADGER PETROLEUM COMPANY and another, Respondents.

*April 4—May 8, 1951.*

For the appellant there were briefs by *Warren L. Rasmussen* of Walworth, attorney, and *Morrissy, Morrissy &*

*Zastrow* of Elkhorn of counsel, and oral argument by *Erwin C. Zastrow*.

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

BROWN, J. The automobile collision which resulted in La Rose's death took place about 1 a. m. on a straight highway. The weather and the driving conditions were good. The only surviving eyewitness was defendant Quam who testified that he was driving his employer's semitrailer southeasterly and that La Rose, in a passenger automobile, was driving in the opposite direction. When the vehicles were about one hundred yards apart La Rose sheered over onto Quam's side of the road, nearly went into the ditch, and then turned back toward his proper side but was struck by Quam's unit. Quam applied his brakes when La Rose came into his traffic lane but was unable to prevent the collision. There is no evidence that either vehicle was being driven at an unlawful rate of speed.

The vehicles came to rest on La Rose's right and Quam's wrong side of the highway but disinterested witnesses observed that the marks of Quam's dragging wheels, caused by braking, began while Quam was still on his own right side and were seventy-five feet long, angling over to the other side. A disinterested witness also found debris from the collision a considerable distance back of Quam's semitrailer on Quam's side of the road. A police officer who arrived at the scene within minutes after the collision heard Quam's story that La Rose had crossed the highway and nearly gone into the ditch on his left side. He then inspected that area and found fresh tire tracks in the grass, though he could not trace them back across the road to La Rose's automobile. The greater debris, the greater damage to the roadbed, and the final position of the vehicles were on La Rose's half of the road.

La Rose was lifted from his automobile unconscious and taken in an ambulance to a hospital. The journey lasted twenty to thirty minutes. On the way La Rose had moments when he was conscious and in one of these a witness who sat beside him on the trip asked what had happened and testified that La Rose replied, "He just come across and hit me." There was objection to the testimony but it was received as part of the *res gestae*.

In our opinion the physical facts substantiate Quam's testimony and only one inference can be drawn from them. His tire marks show that he put his brakes on hard while he was on his half of the road and wreckage from the collision lay on that side behind the place where his vehicle rested after carrying La Rose's car along with it after the first impact. These facts cannot be disregarded nor do we think they can be explained in any way except in support of Quam's version of the accident. The learned trial court, on the evidence presented, was bound to dismiss appellant's action.

Appellant assigns it as error that the court received a certain diagram in evidence and later permitted defendant, who had introduced it without objection, to withdraw it after appellant had rested. Appellant concedes that he had later opportunity in his rebuttal to show everything about the locale which his case might require and we cannot see that he was prejudiced by the withdrawal if that was error and not discretionary with the trial court.

*By the Court.*—Judgment affirmed.